IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACK ZIMMERMAN, # 39657-177                                          PETITIONER

VS.                                                   CIVIL ACTION NO. 3:22-cv-11-CWR-FKB

WARDEN WITHERS                                                        RESPONDENT

**REPORT AND RECOMMENDATION**

Petitioner Jack Zimmerman is a federal prisoner currently housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo"). He filed the current petition for habeas corpus relief [1] pursuant to 28 U.S.C. § 2241, to which the Respondent has filed a timely Response [40]. Petitioner has also filed Motions for Summary Judgment, *see* [37], [41], which are opposed by Respondent. *See* [42], [43]. For the reasons set forth in this report and recommendation, the undersigned recommends that Petitioner's Motions for Summary Judgment be denied, and that this petition be dismissed.

I.   PROCEDURAL HISTORY AND CLAIMS

Zimmerman entered a plea of guilty to child enticement and production of child pornography in the United States District Court for the Northern District of Texas, and he was subsequently sentenced to 360 months confinement and supervised release for life. *United States v. Zimmerman*, 3:10-cr-00027-B-1 (N.D. Tex. Feb. 10, 2010). In 2020, Zimmerman was transferred to FCC-Yazoo. His projected release date is August 28, 2035, and he is currently 69 years old.

In Zimmerman's petition for a writ of habeas corpus, he argues that he should be moved to home confinement due to his risk of infection from the COVID-19 virus at FCC-Yazoo based on his "terminal health issues." [1] at 2. In his only ground for relief, he argues that his Eighth

Amendment rights are being violated at FCC-Yazoo due to the facility's inhumane conditions and his heightened risk of contracting the COVID-19 virus based on his age and his immunocompromised condition. *Id.* at 6. He argues that there are shortages of the COVID-19 vaccine at FCC-Yazoo, which makes it more likely that he will be exposed to the virus.[1] *Id.* He requests that he be removed from prison, sentenced to time served, and placed on home confinement as a condition of his supervised release. *Id.* at 7. Several months after his initial petition, Zimmerman filed a memorandum in support of his petition that expands upon his claims, details his efforts to exhaust his claims administratively, and gives more specific information about his medical conditions. *See* [15]. In this filing, he again asks for "the court to reduce his sentence to time served and impose supervised release with condition it be served at home[ ]confinement." *Id.* at 9.

II.   DISCUSSION

A petition filed pursuant to § 2241 on behalf of a sentenced prisoner is intended to "attack[] the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "'Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration.'" *Schipke v. Van Buren*, 239 F. App'x 85, 85 (5th Cir. 2007)(quoting *Cook v. Hanberry*, 592 F.2d 284, 249 (5th Cir. 1979)). In other words, "[h]abeas petitions can only 'grant relief from unlawful imprisonment or custody' and cannot be used to challenge 'conditions of confinement.'" *Rosa v. McAleenan*, 583

---

[1] The Court observes that, as of the filing of Respondent's Response on August 12, 2022, Petitioner had received three doses of the Pfizer COVID-19 vaccinations on the following dates: March 10, 2021, July 14, 2021, and June 8, 2022. *See* [40-1] (Aff. of Joshua Robles).

F. Supp. 3d 850, 877 (S.D. Tex. 2019)(quoting *Schipke*, 239 F. App'x at 85-86). Accordingly, to the extent that Petitioner seeks relief based on a violation of his Eighth Amendment rights, his claims should be dismissed.

Furthermore, broadly construing Zimmerman's claim as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), this Court lacks jurisdiction to grant this form of relief. Only the sentencing court has jurisdiction to consider a motion filed pursuant to § 3582(c). *See Landazuri v. Hall*, 423 F.App'x 475 (5th Cir. 2011). As Respondent points out, Zimmerman was sentenced in the United States District Court for the Northern District of Texas, and that court has previously denied Zimmerman's motion for compassionate release without prejudice because he failed to exhaust his administrative remedies. *See United States v. Zimmerman*, No. 3:10-cr-00027-B-1 (N.D. Tex. 2010), at [86]. On appeal, the Fifth Circuit affirmed the dismissal. *See id.* at [92].

In sum, Petitioner's claims are not properly brought in a § 2241 petition. He does not attack the manner in which his sentence is being carried out or the prison authorities' calculation of its duration. *See Pack,* 218 F.3d at 451. Nor does he seek to challenge the validity of his conviction by using the "savings clause" of 28 U.S.C. § 2255. *Id.* at 452. Instead, he asks for immediate release and home confinement due to the COVID-19 pandemic and his health conditions. Such a remedy is outside the scope of this Court's authority. *See Cheek v. Warden*, 835 F. App'x 737, 740 (5th Cir. 2020)("It is not for a court to step in and mandate home confinement for prisoners regardless of an international pandemic."); *Ambriz v. United States*, 465 F. Supp. 3d 630, 633 (N.D. Tex. 2020)(holding the court has no authority to compel the BOP to release a prisoner to home confinement); *see also Botero v. Withers*, No. 3:21-cv-110-

CWR-LGI, 2021 WL 2456584 (S.D. Miss. June 15, 2021)(dismissing a federal prisoner's § 2241 petition that complained of conditions of confinement, including COVID-19, and that asked for immediate release for time served).

### III.   CONCLUSION

For the reasons set forth in this Report and Recommendation, Zimmerman's petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of subject matter jurisdiction. *See Ambriz*, 465 F. Supp. 3d at 633. Moreover, Petitioner's Motions for Summary Judgment, see [37], [41], which broadly argue that he is entitled to a judgment in his favor because the Respondent has failed to respond to his Petition, should be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of January, 2023.

s/ F. Keith Ball            .<br>
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).